*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Y. C. ZACHARY, Minor.

UNPUBLISHED
January 08, 2025
1:46 PM

No. 368010
Wayne Circuit Court
Family Division
LC No. 2015-519838-NA

*In re* ZACHARY, Minors.

No. 368011
Wayne Circuit Court
Family Division
LC No. 2015-519838-NA

Before: RIORDAN, P.J., and BOONSTRA and YATES, JJ.

PER CURIAM.

Respondents appeal as of right the order terminating respondent-mother's parental rights to YZ and respondent-father's parental rights to YZ and DZ. We affirm.

## I. FACTS AND PROCEEDINGS

Before the birth of the minors who are the subject of these proceedings, the trial court terminated respondent-mother's parental rights to four older children. She appealed the order to this Court. In that appeal, we concluded that petitioner presented sufficient evidence to support statutory grounds for termination of parental rights under MCL 712A.19b(3). *In re Taylor-Lee/Redmond/Redmond-Houser*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2018 (Docket No. 340200). However, we found that petitioner did not prove that termination of respondent-mother's parental rights was in the children's best interests because the trial court failed to sufficiently consider guardianship as an alternative to termination. *Id*. We

-1-

therefore vacated the order and remanded to the trial court for further proceedings. *Id*. After remand, petitioner planned guardianships for the four older children instead of reinitiating its termination petition.

DZ was born in April 2018. Children's Protective Services learned that respondents were living in a house with deteriorating floors, bent walls, and exposed pipes. Respondent-mother was not managing her mental illness. Respondents agreed to a safety plan in which DZ would be placed with his paternal aunt. Petitioner did not seek jurisdiction over the child at that time because respondent-father intended to seek sole custody of the child. However, respondent-father was unable to obtain custody. Petitioner therefore initiated proceedings in November 2018. Petitioner sought termination of respondent-mother's parental rights in the initial disposition. Respondent-father entered a plea of admission. The trial court terminated respondent-mother's parental rights in August 2019. She did not appeal that order.

YZ was born in July 2019. He was placed with the same paternal aunt who had care of DZ. Petitioner petitioned for the court's jurisdiction over YZ, but petitioner did not immediately seek termination of either respondent's parental rights. The original permanency plan for the children was reunification with respondent-father for DZ and reunification with both respondents for YZ. Respondents failed to make progress toward completing their treatment plans. They visited the children only sporadically. They continued to live in the unsuitable house and never allowed petitioner's workers to see if repairs had been made. The children's permanency plan was changed to a concurrent plan for reunification and guardianship. Ultimately, however, petitioner petitioned for termination of both respondents' parental rights. The trial court terminated parental rights under MCL 712A.19b(3)(a)(*ii*) (abandonment for 91 or more days), (c)(*i*) (failure to rectify conditions leading to adjudication), (c)(*ii*) (failure to rectify other conditions), (g) (failure to provide proper care and custody), and (j) (likelihood of harm to child if returned to parent's care).

## II. DOCKET NO. 368010

Respondent-mother argues that termination was inappropriate because petitioner failed to offer services that accommodated her cognitive disability and mental health.[1] "In order to preserve an argument that petitioner failed to provide adequate services, the respondent must object or indicate that the services provided to them were somehow inadequate." *In re Atchley*, 341 Mich App 332, 336; 990 NW2d 685 (2022) (quotation marks and citation omitted). The proper time to

---

[1] Respondent-mother's statement of question presented challenges the trial court's finding that termination of her parental rights is in YZ's best interests, but the substance of the argument is that petitioner failed to accommodate her disability in its provision of services to achieve reunification. However, "[t]he adequacy of the petitioner's efforts to provide services may bear on whether there is sufficient evidence to terminate a parent's rights." *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.). This Court is not bound by the appellant's choice of a label, as this would elevate form over substance. See *Lieberman v Orr*, 319 Mich App 68, 77 n 4; 900 NW2d 130 (2017). Respondent-mother makes no other arguments related to the child's best interests. We therefore address the issue respondent-mother argues rather than the argument suggested by the heading she gives it.

assert the need for accommodation is when the trial court adopts a service plan for facilitating reunification. *Id*. at 336-337. Respondent-mother's counsel argued during the trial-court proceedings that she required accommodation but never made specific requests regarding services. We conclude that this issue is sufficiently preserved for review.

This Court reviews "for clear error the trial court's finding that there are statutory grounds for termination of a respondent's parental rights." *Id*. at 343; MCR 3.977(K). The question of whether petitioner provided sufficient services to a parent pertains to whether petitioner proved statutory grounds for termination. *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005). Accordingly, the trial court's findings as to the sufficiency of services also is reviewed for clear error. See *Atchley*, 341 Mich App at 338. "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds that termination is in the child's best interests. MCL 712A.19b(5). The trial court's best-interest decision is reviewed for clear error. *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 637; 853 NW2d 459 (2014). This Court reviews de novo whether the trial court properly interpreted and applied the relevant statutes and court rules. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019).

Petitioner "has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017). Reasonable efforts need not be made in certain enumerated circumstances, including when "[t]he parent has had rights to the child's siblings involuntarily terminated and the parent has failed to rectify the conditions that led to that termination of parental rights." MCL 712A.19a(2)(c). However, this Court reversed the prior order terminating respondent-mother's parental rights, and petitioner then opted to proceed with guardianships instead of termination. As part of reunification efforts, petitioner "must create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *In re Hicks/Brown*, 500 Mich at 85-86. The case service plan must include a statement of the "[e]fforts to be made by the agency to return the child to his or her home," MCL 712A.18f(3)(c); the "[e]fforts to be made by the child's parent to enable the child to return to his or her home," MCL 712A.18f(3)(b); and a "[s]chedule of services to be provided to the parent . . . to facilitate the child's return to his or her home," MCL 712A.18f(3)(d). Additionally, petitioner "also has obligations under the ADA [Americans with Disabilities Act, 42 USC 12101 *et seq*.] that dovetail with its obligations under the Probate Code." *In re Hicks/Brown*, 500 Mich at 86. "Title II of the ADA requires that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.' " *Id*., quoting 42 USC 12132. If petitioner fails to make reasonable modifications to services or programs to accommodate a parent's disability, petitioner has failed in its duty to provide reasonable efforts toward reunification. *In re Hicks/Brown*, 500 Mich at 86.

However, the ADA does not provide a defense to proceedings to terminate parental rights. *In re Terry*, 240 Mich App 14, 25; 610 NW2d 563 (2000). Moreover, "[w]hile the DHS has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists

a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). "When challenging the services offered, a respondent must establish that he or she would have fared better if other services had been offered." *In re Sanborn*, 337 Mich App 252, 264; 976 NW2d 44 (2021). The respondent also must identify the services that would have accommodated his or her disability. *Id*. at 266.

Although respondent-mother's counsel twice indicated to the trial court that respondent-mother would need services that accommodated her cognitive disability, respondent-mother, her counsel, and her guardian ad litem never provided any specific requests for accommodation. Moreover, respondent-mother made no efforts to participate in services or to attempt to work with petitioner toward reunification. Although multiple referrals were made for therapy, parenting classes, and psychological evaluations, respondent-mother failed to complete the intake sessions. She visited YZ only rarely. Petitioner's workers were unable to communicate effectively with respondent. She did not return phone calls or respond to letters and e-mails. When workers met with her in person, respondent-mother engaged in erratic behavior, such as muttering to herself or responding to "voices" that she heard. Respondent-mother argues that petitioner failed to help her understand what she needed to do to achieve reunification, but she does not specify what the workers might have done to aid her comprehension. Under these circumstances, either respondent-mother was unwilling to cooperate with the reunification efforts, or her mental illness and impaired cognition were too severe to allow her to participate in or benefit from services. Respondent-mother thus fails to establish that petitioner failed to make accommodations that would have enabled her to obtain a more favorable outcome. *Id*. at 264.

## III. DOCKET NO. 368011

Respondent-father argues that petitioner failed to present sufficient evidence supporting statutory grounds to terminate his parental rights and that the trial court erred by finding that termination of his parental rights was in the children's best interests.

The trial court terminated respondent-father's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (c)(*ii*), (g), and (j), which permit termination under the following circumstances:

> (a) The child has been deserted under either of the following circumstances:
>
> * * *
>
> (*ii*) The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period.
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Petitioner is required to prove only one statutory ground for termination by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 86-88; 836 NW2d 182 (2013).

Respondent-father states that these grounds were not proved, but he offers only generalized reasoning that he made some progress and that he would have made more satisfactory progress if the children were placed in a guardianship and he was allowed more time with his treatment plan. He does not address the specific statutory grounds. With respect to subsection (3)(a)(*ii*), the foster-care supervisor testified that respondent-father's last visit before the supplemental petition was filed in March 2023 took place in March 2022. This exceeds the 91-day period provided by the statute. Evidence also supports subsection (3)(c)(*i*). Although more than three years elapsed between the date that respondent-father was adjudicated as a respondent in DZ's case and the date of the termination hearing, and nearly three years elapsed in YZ's case, respondent-father failed to establish adequate housing, failed to complete parenting class, failed to undergo a psychological evaluation, and failed to visit the children with any regularity.

With respect to subsection (3)(c)(*ii*), petitioner did not specify what other conditions arose after the trial court asserted jurisdiction over the children. However, a new condition arose when respondent-mother's parental rights to DZ were terminated, but respondent-father continued to reside with her. Arguably, this evidence supports termination under subsection 3(c)(*ii*), but if it does not, the trial court's error in including this statutory ground was harmless because only one ground is necessary for termination. *In re Moss*, 301 Mich App at 88.

Subsection (3)(g) was proved because respondent-father was unable to provide an adequate home or consistent care. Grounds for termination under subsection (3)(j) were proved because the children would likely be harmed if placed in a physically unsafe home with parents who demonstrated no commitment to providing for their care. In consideration of the lengthy period of time that respondents were given to prepare for reunification, respondent-father's argument that he was not given enough time is without merit. Thus, the trial court did not clearly err by finding that at least one statutory ground for termination was proved by clear and convincing evidence.

Respondent-father also states that petitioner's services were inadequate, but he does not specify how they were deficient or how they could have been better tailored to serve his needs. He therefore fails to establish that petitioner failed in its duty to make reasonable efforts toward reunification. *In re Sanborn*, 337 Mich App at 264.

"Even if the trial court finds that the [petitioner] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015), citing MCL 712A.19b(5). "The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). In *In re White*, this Court stated:

> To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*Id*. at 713-714 (quotation marks and citations omitted).]

Although placement with a relative ordinarily weighs against termination, a trial court may nonetheless terminate parental rights if it finds that termination is in the child's best interests. *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012).

Respondent-father had five years after DZ was removed from his care, and four years after YZ was removed, to enable himself to parent his children or at least to establish himself as a consistent presence in their lives. In that time, he visited only sporadically and made no appreciable efforts to make progress with his treatment plan. At the time of the termination hearing, the children had lived their entire lives in their aunt's care. Respondent-father argues that the witnesses could not have known whether he had a bond with his children, but the trial court as finder of fact could infer that a parent who only saw his very young children occasionally could not have built a relationship with them. In respondent-mother's prior appeal, this Court concluded that respondent-mother's strong family support and the grandmother's preference for guardianship were factors weighing against termination in the best-interests calculus. *In re Taylor-Lee/Redmond/Redmond-Houser*, unpub op at 9. Respondent-father, however, showed mainly indifference to his sister's efforts to facilitate a relationship between him and the children. Under these circumstances, the trial court's findings as to best interests were not clearly erroneous.

## IV.  CONCLUSION

The trial court did not err by terminating respondents' parental rights.  Therefore, we affirm.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Christopher P. Yates